IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

KORY WILLIAMS )
and SELMA WILLIAMS, )
)
       Plaintiffs, )   TC-MD 210208G
)
  v. )
)
DEPARTMENT OF REVENUE, )
State of Oregon, )
)
       Defendant. )  **DECISION**

Plaintiffs appealed Defendant's adjustments of their claimed business expenses for the 2016 tax year. At trial, Plaintiff Kory Williams appeared *pro se* and testified. Defendant was represented at trial by Kelly Young, auditor, who testified. Neither party offered exhibits.

## I. STATEMENT OF FACTS

Because no exhibits were offered, the facts of this case are derived entirely from testimony.

Plaintiff Kory Williams has a construction business for which he incurred expenses in 2016, including expenses for use of his truck and for contract labor payments.

Mr. Williams testified that his truck was used solely for business purposes and that, with its dump trailer and ladder rack, it was unsuited for other purposes. He testified Plaintiffs had another vehicle for personal use after hours and on weekends.

Prior to trial, Mr. Williams had provided Defendant with reconstructed mileage logs using customer contracts and receipts from businesses where he had purchased supplies throughout the year. Ms. Young testified that the two mileage logs provided by Plaintiffs had discrepancies with odometer readings on the truck's service records and with the dates of the

purchases as shown on his bank statements. She also testified the customer contracts did not show the dates the work was performed, only the dates the contracts were signed.

Based on documents reviewed outside of trial, Defendant conceded $25,850 in previously disallowed contract labor expenses. Mr. Williams testified that he made additional payments to his subcontractors in cash, which Defendant did not concede. Mr. Williams testified that when he paid cash, he wrote down the date and time of the payment and subsequently issued 1099s to the subcontractors. Ms. Young testified that business and personal expenses were commingled in Plaintiffs' bank statements, and that those statements did not show withdrawals corresponding to the alleged cash payments.

Plaintiffs ask the court to reverse Defendant's disallowance of expense deductions for truck use and for cash payments to subcontractors. Defendant asks the court to sustain all its adjustments other than the conceded $25,850 in contract labor expenses.

## II. ANALYSIS

The issue is whether Plaintiffs have shown they qualify for business expense deductions under section 162 of the Internal Revenue Code (IRC). The IRC applies because taxable income in Oregon is defined by reference to the IRC, subject to modifications not pertinent here. *See* ORS 316.022(6); 316.048.[1] Federal Treasury regulations pertaining to relevant portions of the IRC are also applicable. *See* ORS 316.032(3). Because Plaintiffs seek an order from the court changing the tax assessment, they must bear the burden of proof. *See* ORS 305.427.

A deduction is generally allowed for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]" IRC § 162(a). Deductible business expenses include reasonable "compensation for personal services actually

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2015.

rendered." Treas Reg § 1.162–7(a). Such contract labor expenses are only allowed, however, "if the taxpayer maintains sufficient records to substantiate the expenses." *Garrison v. Comm'r*, 97 TCM (CCH) 1132 (2009) (denying contract labor expense deduction where "petitioners failed to offer any credible evidence to substantiate the amounts paid").

Expenses involving the use of a car or truck may also be deductible under IRC section 162(a). Where the car or truck meets the definition of a "passenger automobile" found in IRC section 280F(d)(5), a deduction is allowed only where the taxpayer can substantiate the expense according to the stricter requirements of IRC section 274(d).[2] Expenses not subject to IRC section 274(d) may be estimated by the court where documents are lacking, but only if the court has sufficient evidence to make a "reasoned approximation." *Scott v. Dept. of Rev.*, TC 5192, 2018 WL 1884627 at *5 (Or Tax Reg Div Apr 19, 2018) (declining to estimate expense amount where taxpayer did not provide "sufficient evidence for the court to make a reasoned approximation").

In the present case, although Mr. Williams testified that he kept a log of his cash payments for contract labor, neither that log nor any other supporting documents were in evidence. Without any documents, Plaintiffs have not met their burden of proving contract labor expenses beyond those conceded by Defendant. *See Garrison*, 97 TCM (CCH) 1132.

With respect to Plaintiffs' claimed truck expenses, it is not clear whether Mr. Williams's truck is a "passenger automobile" under IRC section 280F(d)(5). Because IRC section 274(d) can never be satisfied by a taxpayer's unsupported statement, if the truck is a passenger

---

[2] Under IRC section 274(d), taxpayers cannot claim a deduction unless they are able to provide either "adequate records" or other "sufficient evidence." For vehicles, adequate records are generally a diary or log in which each use of the vehicle is recorded "at or near the time of the expenditure or use." Treas Reg § 1.274–5T(c)(2)(ii). Alternatively, an expense can be substantiated by means of "sufficient evidence"—meaning the taxpayer's statement in conjunction with evidence showing the date, mileage, and business purpose of each use of the vehicle. *See* Treas Reg §§ 1.274–5T(c)(3); 1.274–5T(b)(6).

automobile no deduction is possible. *See* IRC § 274(d). If the truck is not a passenger automobile, and if it is not otherwise listed property, then IRC section 274(d) would not apply. Even so, the court may not allow a deduction without an evidentiary basis on which to make a reasoned approximation of the expense incurred. *See Scott*, 2018 WL 1884627 at *5. Although Mr. Williams testified to the existence of contracts and receipts showing business use of the truck, those documents are not in evidence. The evidence in this case does not permit an adjustment to Plaintiffs' claimed truck expenses.

### III. CONCLUSION

Without documentary evidence, Plaintiffs have not carried their burden of proof. Now, therefore,

IT IS THE DECISION OF THIS COURT that, as conceded by Defendant, Plaintiffs be allowed a contract labor expense of $25,850.

IT IS FURTHER DECIDED that Plaintiffs' remaining claims for relief be denied.

Dated this _____ day of September 2022.

POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Poul F. Lunddgren and entered on September 29, 2022.*